IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ITRIA VENTURES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ACROPETAL, INC., ASSOCIATES SYSTEMS, LLC, ASCENDAS TECHNOLOGIES INC., NUTECH SYSTEMS, INC., STEMGEN, INC., | § § § § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

ITRIA VENTURES LLC, ("Itria" or "Plaintiff"), files this Complaint against Defendants Acropetal, Inc., Associates Systems, LLC, Ascendas Technologies, Inc., Nutech Systems, Inc. and Stemgen, Inc.

### INTRODUCTION

1.  Plaintiff obtained a judgment against Acropetal, Inc. in the State of New York, which it now seeks to enforce against Acropetal as well as the other named defendants based on successor liability.

### PARTIES

2.  Plaintiff is a Delaware limited liability company with a registered address of 1000 N. West St. # 120, Wilmington, Delaware. Plaintiff also maintains offices at 462 Seventh Avenue, 20th Floor, NY, NY 10018. Itria's sole member is Biz 2 Credit, Inc., a corporation organized under the laws of Delaware, with its principal place of business at 462 Seventh Avenue, 20th Floor, New York, NY 10018. Plaintiff is in the business of assisting small businesses with financing resources.

3. Upon information and belief, Acropetal, Inc., ("Acropetal"), is a dissolved California corporation that has its principal place of business in Texas. Acropetal may be served through its registered agent, Ravikumar Dorai Swamy, located at 750 South MacArthur Blvd., Suite 300, Coppell, Texas 75019 or wherever this person may be found.

4. Associates Systems, LLC a/k/a Associated Systems, LLC ("Associates") is a New Jersey limited liability company with a principal place of business in Texas. Associates may be served through its registered agent, Pavan K. Akula, who is a citizen of Texas, located at 109 Woodland Cove, Coppell, Texas 75019 or 750 South MacArthur Blvd., Suite 100, Coppell, Texas 75019 or 750 South MacArthur Blvd., Suite 300, Coppell, Texas 75019 or wherever this person may be found.

5. Ascendas Technologies Inc. ("Ascendas") is an active Texas corporation with its principal place of business in Texas. Ascendas may be served through its registered agent, Pavan K. Akula, who is a citizen of Texas, located at 109 Woodland Cove, Coppell, Texas 75019 or 750 South MacArthur Blvd., Suite 100, Coppell, Texas 75019 or 750 South MacArthur Blvd., Suite 300, Coppell, Texas 75019 or wherever this person may be found.

6. Nutech Systems, Inc. ("Nutech) is a Georgia corporation with its principal place of business in Georgia. Nutech can be served through its President and registered agent, Nachu Anbil, located at 2675 Paces Ferry Road, Suite 460, Atlanta, Georgia 30339 or wherever this person may be found.

7. StemGen, Inc. ("StemGen") is a Delaware corporation with its principal place of business in Georgia. StemGen can be served through its President, Gaurav Harza, located at 2675 Paces Ferry Road, Suite 460, Atlanta, Georgia 30339 or through its registered agent, VCorp Services, LLC, located at 1013 Centre Road, Suite 403-B, Wilmington DE 19805 or wherever they may be found.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a). Complete diversity of citizenship exists herein, and the amount of controversy alleged exceeds the sum of $75,000.00, exclusive of interest and costs.

9.  Venue is proper under 28 U.S.C. Section 1391(b)(2), because a substantial part of the events giving rise to the claims herein took place within this district.

## FACTS COMMON TO ALL COUNTS

10. On September 14, 2015, the Plaintiff and Acropetal entered into a Future Receivables Sale Agreement (the "FRSA") in the amount of $400,000.00. (A true and correct copy of the FRSA is attached hereto as Exhibit A.)

11. The Agreement was amended on December 14, 2015 by Amendment No. 1 to Future Receivables Sale Agreement, wherein Acropetal disclosed its intent to sell the corporation to Associated. (A true and correct copy of the Amendment is attached hereto as Exhibit B.)

12. On January 1, 2016, Acropetal and Associates (incorrectly referred to as Associated Systems, LLC) executed a Share Purchase Agreement. (A true and correct copy of the Share Purchase Agreement is attached hereto as Exhibit C.) The Share Purchase Agreement explicitly stated that Associated was to assume all debts and liabilities of Acropetal. *See* Exhibit C, ¶3.2.

13. On July 15, 2016, Acropetal was converted into the newly formed Ascendas. (A true and correct copy of the filed Certificate of Conversion is attached hereto as Exhibit D.)

14. On or about August 8, 2017, Ascendas entered into an acquisition agreement with Nutech and StemGen, wherein Nutech and StemGen acquired all of the shares of Ascendas making Ascendas a wholly-owned subsidiary of Nutech. (A true and correct copy of the Agreement and Plan of Reorganization is attached hereto as Exhibit E.)

15. On or about December 18, 2017, Acropetal breached their obligations under the FRSA. Pursuant to an executed Confession of Judgment, Itria obtained a judgment in the

amount of $231,223.23 in its favor and against Acropetal entered by the Supreme Court of the State of New York, Queens County, in the case of <u>Itria Ventures LLC v. Acropetal Inc., Acropetal Technologies Limited and Ravi Kumar Dorai Swamy</u>, Index No. 717400/17 ("Judgment"). (A true and correct copy of that Judgment is attached hereto as <u>Exhibit F</u>.)

16.  The Judgment was filed for domestication in Texas on or about November 21, 2017.

## COUNT I:
## SUCCESSOR LIABILITY FOR BREACH OF FRSA AGAINST ASSOCIATES SYSTEMS, LLC

17.  Itria re-alleges Paragraphs 1-16 above as and for Paragraph 17 of this Count I as if fully set forth herein.

18.  Pursuant to Paragraph 3.2. of the Share Purchase Agreement between Acropetal and Associates, Associates specifically assumed all of the Acropetal's assets and liabilities:

> "All assets, loans and liabilities of Acropetal Inc will continue to remain in its books after the acquisition meaning that the shares/ ownership of Seller [Acropetal] only will change hands from Acropetal Technologies Limited to Associated Systems LLC. <u>This also means that the Buyer [Associates] would take responsibility for the loans outstanding in the Seller [Acropetal] books</u>.

<u>Exhibit C</u> hereto, p.3 (emphasis added).

19.  At the time Acropetal and Associated entered into the Share Purchase Agreement, there was an outstanding balance on the FRSA. Accordingly, Associated expressly assumed all of Acropetal's payment obligations to Plaintiff pursuant to the FRSA.

20.  On December 18, 2017, the Defendants failed to remit payment due under the FRSA and that as a result of such breach, the entire obligation represented by the FRSA was declared immediately due and owing.

21.  Despite repeated demand by Plaintiff, the Defendants have failed or refused to satisfy the obligations under the FRSA.

22.  Pursuant to Paragraph 18 of the FRSA, "[i]n the event any action for collection of amounts due and payable under this Agreement, Purchaser [Itria] shall be entitled to recoup its

reasonable legal fees, court costs and related expenses from the Merchant."

23.   Itria is entitled to recoup from Associates, as the successor to Acropetal, the amounts due and owing under the FRSA, as set forth in the Judgment, as well as its reasonable attorneys' fees, court costs and related expenses.

## COUNT II:
## SUCCESSOR LIABILITY FOR BREACH OF FRSA AGAINST ASCENDAS TECHNOLOGIES INC.

24.   Itria re-alleges Paragraphs 1-23 above as and for Paragraph 24 of this Count II as if fully set forth herein.

25.   Pursuant to Certificate of Conversion, attached as Exhibit D hereto, Acropetal was converted from Acropetal, Inc., a California corporation, into Ascendas, a corporation formed under the laws of Texas, on July 6, 2016.  The Certificate of Conversion expressly states:

> "By this conversion, ACROPETAL, INC., the converting entity, will continue its existence in the form of a Texas corporation known as ASCENDAS TECHNOLOGIES, INC., the converted entity."

Exhibit D, at p. 6 of 14.

26.   Ravi Swamy, the President and sole member of Acropetal and signatory to the FRSA, became the Chief Operating Officer of Ascendas.

27.   Upon information and belief, Ascendas continued the operations of Acropetal at the same location using the same equipment while maintaining common management and employees.

28.   Accordingly, Ascendas expressly and/or impliedly assumed the obligations under the FRSA and succeeded to the liabilities of Acropetal.

29.   On December 18, 2017, the Defendants failed to remit payment due under the FRSA and that as a result of such breach, the entire obligation represented by the FRSA was declared immediately due and owing.

30.   Despite repeated demand by Plaintiff, the Defendants have failed or refused to

satisfy the obligations under the FRSA.

31.  Pursuant to Paragraph 18 of the FRSA, "[i]n the event any action for collection of amounts due and payable under this Agreement, Purchaser [Itria] shall be entitled to recoup its reasonable legal fees, court costs and related expenses from the Merchant."

32.  Plaintiff is entitled to recoup from Ascendas, as the successor to Acropetal, the amounts due and owing under the FRSA, as set forth in the Judgment, as well as its reasonable attorneys' fees, court costs and related expenses.

## COUNT III:
## SUCCESSOR LIABILITY FOR BREACH OF FRSA AGAINST NUTECH SYSTEMS, INC. AND STEMGEN, INC.

33.  Itria re-alleges Paragraphs 1-32 above as and for Paragraph 33 of this Count III as if fully set forth herein.

34.  On or about August 8, 2017, Ascendas, formerly Acropetal, entered into an acquisition agreement with Nutech and StemGen, wherein Nutech and StemGen acquired all of the shares of Ascendas making Ascendas a wholly-owned subsidiary of Nutech.

35.  The acquisition terms were specifically outlined in the Agreement and Plan of Reorganization. *See* Exhibit E.

36.  Pursuant to Section 1.03(b) of the Agreement and Plan of Reorganization, StemGen expressly assumed and agreed to pay the outstanding amount due to Itria as of March 31, 2017 under the December 14, 2015 Amendment to the FRSA. See Exhibit E, hereto, p. 2.

37.  Subsequently, Nutech and/or its President Nachu Anbil, made several payments to Itria as required under the FRSA and made oral and written representations that such payments would continue until balance of the FRSA is paid off.

38.  Accordingly, Nutech and StemGen expressly and/or impliedly assumed the obligations of Ascendas, formerly known as Acreptal, under the FRSA and each succeeded to the liabilities of Acropetal.

39.  On December 18, 2017, the Defendants failed to remit payment due under the

FRSA and that as a result of such breach, the entire obligation represented by the FRSA was declared immediately due and owing.

40.  Despite repeated demand by Plaintiff, the Defendants have failed or refused to satisfy the obligations under the FRSA.

41.  Pursuant to Paragraph 18 of the FRSA, "[i]n the event any action for collection of amounts due and payable under this Agreement, Purchaser [Itria] shall be entitled to recoup its reasonable legal fees, court costs and related expenses from the Merchant." (See, <u>Exhibit A</u> hereto, at p. 9.)

42.  Itria is entitled to recoup from Nutech and StemGen, as the successors to Acropetal, the amounts due and owing under the FRSA, as set forth in the Judgment, as well as its reasonable attorneys' fees, court costs and related expenses.

## COUNT IV:
## UNJUST ENRICHMENT

43.  Itria re-alleges Paragraphs 1-42 above as and for Paragraph 43 of this Count IV as if fully set forth herein.

44.  In addition or in the alternative, Defendants Ascendas, Nutech and StemGen have been unjustly enriched by funds advanced by Plaintiff to Acropetal. Defendants' refusal to pay off the outstanding amounts due under the FRSA violates fundamental principles of justice, equity, and good conscience.

## CONCLUSION

ITRIA VENTURES LLC prays that this Court:

(a) award it a judgment against defendants Associates Systems, LLC, Ascendas Technologies Inc., Nutech Systems, Inc. and StemGen, Inc. in an amount to be established through evidence acceptable to this Court;

(b) award it any and all additional expenses incurred in this cause including, but not limited to, court costs and reasonable attorney's fees; and

(c) award it such other and further relief as is appropriate and just.

                                  Respectfully submitted,

By: /s/ Christopher J. Kronzer
     Christopher J. Kronzer
     Federal Bar No. 24008172
     Texas Bar No. 24060120
     kronzer@hooverslovacek.com
     HOOVER SLOVACEK LLP
     Galleria Tower II
     5051 Westheimer, Suite 1200
     Houston, Texas 77056
     Telephone: 713-977-8686
     Facsimile: 713-977-5395

**OF COUNSEL:**

HOOVER SLOVACEK LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713-977-8686
Facsimile: 713-977-5395

                              **ATTORNEYS FOR ITRIA VENTURES LLC**